### FITZGERALD v. STATE.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

STATES—CLAIMS AGAINST STATE—DESTRUCTION OF PROPERTY.

> Where the state, operating a dam, the crest of which was on a level with the "high-water mark," without justification raised the dam two feet, so that, unless the gates therein were properly operated, the water would rise above the "high-water mark," and where the gate tender unnecessarily and at different times permitted the water to rise above the "high-water mark" and set back against claimant's wall, and the wall was thereby washed out and destroyed, claimant's rights were thereby clearly invaded; the state having no such right to set back the water of the lake against claimant's property.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, States, § 111.]

Appeal from Court of Claims.

Claim for damages by William Fitzgerald against the state of New York. From a judgment of the Court of Claims dismissing the claim, claimant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Martin F. Dillon, for appellant.

William S. Jackson, Atty. Gen., and Timothy I. Dillon, Deputy Atty. Gen., for respondent.

COCHRANE, J. Claimant is the owner of real estate on the westerly shore of Skaneateles Lake. Said lake is used as a feeder for one of the canals of the state, and a dam at the mouth of the lake has for for many years been operated by the state for the purpose of regulating the flow of water into the canal. In his claim as filed claimant alleges that the officers or employés of the state caused gates in said dam to be shut so that the water rose above high-water mark as established by the state to such an extent that a stone wall erected by claimant along the easterly side of his premises upon the shore of said lake was washed out and destroyed.

Until recent years the crest of the dam was level with a point known as "high-water mark." It is conceded that the state had the right, and it exercised the right, to raise the water to that point. Within a few years, the exact time does not appear, the dam was raised two feet, with the result that, unless the gates therein were properly operated, the water would rise above said high-water mark. The only justification for such change in the dam is claimed to exist in chapter 291, p. 358, of the Laws of 1889, as amended by chapter 314, p. 601, of the Laws of 1890, which authorized the city of Syracuse to take water from said lake, and for that purpose to increase the storage capacity of the lake and to otherwise make the necessary constructions.

But there is no evidence that said change was made by or for the benefit of said city, nor does it appear from this record that said city ever availed itself of the rights or privileges thus conferred, or that the said dam or lake ever experienced any change by reason of such legislation. The dam and gates were under the control and management of the state. As appears from the evidence on the part of the state, the water was permitted by its gate tender at different times to rise and set back against the wall of claimant above the said high-water mark, at one time to the extent of five inches. It is not contended that this was necessary for the proper use or operation of the canal.

On these undisputed facts it was error to dismiss the claim. It may be that the evidence was insufficient to make the state liable for the destruction of the wall; but there was clearly an invasion of the claimant's rights, which could not be disregarded by the learned court below. This judgment erroneously establishes the right of the state to set back the water of the lake against claimant's property. On the evidence now before us no question arises as to the relative rights or liabilities as between the state and the city of Syracuse. On a retrial the facts may be fully developed, and a complete determination reached.

The judgment must be reversed, with costs, and a new trial granted. All concur.